BALLESTER HERMANOS, DEMANDANTES Y APELANTES, *v.* ABOY, TESORERO, DEMANDADO Y APELADO.

No. 3293.—*Visto:* Mayo 6, 1924. *Resuelto:* Julio 9, 1924.

CONTRIBUCIÓN SOBRE BENEFICIOS EXCESIVOS—INGRESO NETO.—El ingreso neto que debe tomarse como base para la contribución sobre beneficios excesivos es el mismo que sirve para calcular la contribución normal, menos el diez por ciento del capital y la suma fija de diez mil dólares, de acuerdo con la proporción que resulte entre el ingreso neto y el capital de la sociedad o corporación.

SENTENCIA de *Charles E. Foote,* J. (San Juan, Primer Distrito), en acción sobre devolución de contribuciones pagadas bajo protesta, declarando sin lugar la demanda, con las costas y honorarios de abogado. *Confirmada.*

R. *Rivera Zayas,* abogado de los apelantes; *Attorney General* y *C. Llauger,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Versa este pleito sobre cobro de contribución por beneficios excesivos. La demandante es una sociedad mercantil regular colectiva con sus oficinas en esta ciudad de San Juan. Su capital social está fijado en $40,000 y su ingreso bruto durante el año contributivo fué $621,988.99. Del ingreso bruto se hicieron las siguientes deducciones generales: $591,854.76, quedando así un ingreso neto de $30,154.23.

Sobre los anteriores cálculos no hay cuestión. La controversia se ha suscitado sobre lo que debe entenderse por ingreso neto a los efectos de fijar la contribución por beneficios excesivos.

La ley aplicable es la No. 43 de 1921, (p. 313). La sección 17 de la misma en lo pertinente dice:

"Sección 17.—(1) *Contribución Normal.* — Se impondrá, tasará, cobrará y pagará por cada año contributivo sobre el ingreso neto de todo individuo, sociedad, asociación o corporación, una contribución normal de un tres por ciento (3%).

\*          \*          \*          \*          \*          \*          \*

"(3) *Contribución sobre beneficios excesivos:*—Además de la contribución normal, se impondrá, tasará, cobrará y pagará por cada año contributivo sobre el ingreso neto que exceda de diez mil (10,000) dólares o más, de cada corporación, asociación o sociedad civil o mercantil, agrícola, industrial o de cualquier otro carácter, una contribución por concepto de beneficios excesivos, como sigue:

\*          \*          \*          \*          \*          \*          \*

"Cuando la proporción entre el ingreso neto y el capital invertido sea el 70 o más por ciento y menos del 80 por ciento; 14 por ciento sobre el ingreso neto que exceda del 10 por ciento del capital invertido en el año contributivo.

\*          \*          \*          \*          \*          \*          \*

¿Qué se entiende por ingreso neto? La misma ley lo dice en su sección 5, así:

"El término 'ingreso neto' de un individuo, corporación, asociación o sociedad significa, el ingreso bruto definido en la sección 6 menos las deducciones prescritas en las secciones 12 y 13. . . . .''

Las deducciones a que se refieren las secciones 12 y 13 de la propia ley fueron hechas, obteniéndose el resultado que dejamos consignado, y bajo esa base, el Tesorero hizo el siguiente cálculo:

$$
\begin{array}{r}
.75 \\
\hline
40,000) \ \ 30,154.23 \\
28,000.00 \\
\hline
2,154.23 \\
2,000.00 \\
\hline
154.23.
\end{array}
$$

El cociente es .75 o sea una proporción comprendida entre más del 70 por ciento y menos del 80, por virtud de lo cual el Tesorero cobró la contribución calculándola al 14 por ciento, de acuerdo con la sección 17 de la ley No. 43 de 1921, número 3, inciso octavo, que dejamos transcrita.

No conforme la demandante, acudió a la Junta de Revisión e Igualamiento, que declaró su alzada sin lugar. Pagó entonces bajo protesta e inició este pleito que fué fallado también en contra suya, apelando entonces para ante este Tribunal Supremo y señalando en su alegato como error la indebida interpretación de la sección 17 de la ley citada al calcularse el ingreso neto, razonando su error así:

"La ley dice que del ingreso neto no pagarán contribución la suma de $10,000 y además lo que representa el 10%, del capital invertido. A fin de que estas deducciones no paguen contribución, como lo requiere la ley, es preciso deducirse como la primera operación que debe hacerse al fijar la contribución sobre beneficios excesivos. Hechas estas deducciones se determina la proporción que existe entre el ingreso neto así liquidado o sea el remanente que resultó después de hechas las deducciones y el capital invertido y de acuerdo con esa proporción y siguiendo las reglas establecidas por la ley se impone la contribución a pagar. De acuerdo con la sección tercera que establece la contribución normal, el ingreso neto, en su totalidad paga una contribución de tres por ciento. Y de acuerdo con el inciso tercero se establece una contribución distinta de la normal sobre el ingreso neto, una contribución impuesta exclusivamente sobre lo que la ley considera como beneficio excesivo. De suerte que no es sobre el ingreso neto, sino sobre la parte del mismo que la ley considera beneficios excesivos. Así, por ejemplo, en este caso existe un beneficio neto de $30,154.23 de acuerdo con la sección tercera ese ingreso neto paga una contribución normal de tres por ciento. Pero dentro de ese ingreso neto la ley considera que existe una parte que no fueron beneficios normales sino excesivos y que desea castigar con otra contribución. Esa parte es la que resulta después de deducir $10,000 por un lado y $4,000 por otro o sea la suma de $16,154.23. Esta es la cantidad que la ley considera como beneficios excesivos y que ya pagó anteriormente una contribución del 3%. Indudablemente la ley no quiere que la suma de $14,000 que permite deducir, porque no la considera como beneficios excesivos, pague contribución ninguna y por lo tanto es ilegal imponer el tipo de la contribución sobre beneficios excesivos incluyendo las cantidades que la ley no quiere que la paguen en la determinación del montante de la contribución. Creemos, pues, que en este caso el Departamento debió tomar los $30,154.23 de ingreso neto y hacer las deducciones de $10,000 por un lado y $4,000 por otro y una vez hecha la deducción estable-

cer la proporción entre el ingreso neto así rebajado y el capital invertido lo cual colocaría este caso dentro del inciso o regla de la ley que dice como sigue:

" 'Cuando la proporción entre el ingreso neto y el capital invertido sea el 40 o más por ciento y menos del 50 por ciento; ocho por ciento sobre el ingreso neto que exceda del diez por ciento del capital invertido en el año contributivo.' "

Ya que la corte de distrito para fundar su sentencia escribió una opinión reveladora de un estudio detenido del asunto, parece propio contestar con sus propias palabras, la argumentación del apelante. El juez Sr. Foote, se expresó así:

"No podemos convenir con el demandante en la interpretación que él pretende dar a la Ley; nos parece que ella es absolutamente clara: en los distintos incisos de su sección 17 en que se fijan los tipos de contribución, establece como base de éstos 'la proporción entre el *ingreso neto* y el capital invertido,' e ingreso neto no puede ser otro que el fijado en la planilla como tal, sin deducción alguna, y nada hay que nos pueda llevar a la conclusión de que fué otra la intención del legislador. Además, siguiendo la contención del demandante, las deducciones que autoriza la ley vendrían a hacerse prácticamente dos veces; una al fijar el tipo contributivo, y la otra al liquidar la contribución, y entendemos que esto no está autorizado. No debe confundirse el tipo de contribución y el capital tributable; las deducciones en nuestra opinión, deben hacerse únicamente al capital tributable después de obtenido el tipo de contribución, que es independiente. Si el legislador hubiese querido beneficiar al contribuyente, como alega el demandante, nos parece que lo habría hecho de modo más sencillo y claro."

Nada es necesario añadir. Lo que se entiende por *ingreso neto* está tan claramente definido en la ley, que no cabe duda alguna. Aquí se hicieron las deducciones generales a que se refieren las secciones 12 y 13 del estatuto y la misma parte interesada estuvo conforme en que hechas esas deducciones generales de los ingresos brutos quedaba como ingreso neto la suma de $30,154.23. De las otras deducciones que pretende la apelante que se hagan, no habla la ley, y siendo ello así el ingreso neto que debe tomarse como

base para la contribución sobre beneficios excesivos es el mismo que sirve para calcular la contribución normal, menos el diez por ciento del capital y la suma fija de diez mil dólares, de acuerdo con la proporción que resulte entre el ingreso neto y el capital de la sociedad o corporación.

Por virtud de lo expuesto, procede *confirmar* en todas sus partes la *sentencia apelada*, sin que haya lugar al aumento de honorarios de abogado por el trabajo realizado en esta corte, como pide la parte apelada, por no estar autorizada la imposición de costas en este tribunal.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.